UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

-v-

HANNA HENDLER, *as Administrator of the Estate of David Benishai and as a distributee of the Estate of David Benishai*; DANIELLE BENISHAI, *as a distributee of the Estate of David Benishai*; and DOES 1-100,

                Defendants.

No. 23 Civ. 3280 (DEH)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

 

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2741
E-mail: Dana.Walsh.Kumar@usdoj.gov

DANA WALSH KUMAR
Assistant United States Attorney
   – Of Counsel –

Plaintiff the United States of America (the "United States" or "Government"), by its attorney Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in further support of its motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, ECF No. 27 (the "Government's Motion" or "Gov't Mot."), and in opposition to Defendants' cross-motion, ECF No. 30 ("Defendants' Motion" or "Defs. Mot.").

## PRELIMINARY STATEMENT

As explained in the Government's Motion and the supporting declarations and exhibits, the United States has brought this action against the estate of deceased taxpayer David Benishai ("Benishai"), to reduce to judgment the assessed penalties owed for his failure to file timely Reports of Foreign Bank and Financial Accounts ("FBARs") disclosing his interest in nine Israeli bank accounts for calendar years 2004-2010, as required by the Bank Secrecy Act ("BSA"), 31 U.S.C. §§ 5314, 5321.  It is undisputed that Benishai held ownership interest or had signature authority over accounts at two Israeli banks, Bank Hapoalim ("Hapoalim") and First International Bank of Israel ("FIBI"), from at least 2004 to 2010, that the combined balances of these accounts in each of those years exceeded $10,000, which triggered an obligation to file timely FBARs, and that Benishai failed to do so.

In opposition, the defendants—Benishai's widow Anna Hendler (the estate's administrator) and their daughter Danielle Benishai, both distributees of the estate (together, "Defendants")—present *no evidence* to controvert the sworn testimony and documentary evidence the Government submitted.  *See* ECF Nos. 29, 30.  Defendants did not even dispute any of the material facts and evidence the Government cited in its Local Rule 56.1 statement.  Benishai's failure to file the required FBARs and the amount of penalties the IRS assessed are therefore

undisputed. *See Horror Inc. v. Miller*, 15 F.4th 232, 241 (2d Cir. 2021) (to survive summary judgment, "the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party") (internal quotation marks omitted).

Defendants instead raise two novel legal arguments. Defendants first argue that the IRS lacks authority to enter into tolling agreements extending its deadline to assess FBAR penalties. This argument is both incorrect, since IRS guidance memorializes the relevant authority, and contrary to cases that have found such tolling agreements to be valid. In addition, this argument flies in the face of the well-established doctrine that statutes of limitations are affirmative defenses that can be waived. Defendants also claim that the IRS cannot assess FBAR penalties after the taxpayer has died. But the courts to have considered this question have come to the opposite conclusion—FBAR penalties are remedial and survive a taxpayer's death, and thus the Government may collect them from the decedent's estate and its distributees. Defendants cite no authority to the contrary. Accordingly, the Court should credit the undisputed facts in the Government's motion, reject Defendants' novel and dubious legal arguments, and enter judgment in favor of the United States.

## ARGUMENT

The Court should reduce the IRS's FBAR penalty assessments against Defendants to judgment. The undisputed evidence shows that Benishai had ownership interests in or signatory authority over each of the bank accounts at issue during the relevant years, that the combined balances in those accounts exceeded $10,000 in each year, and that Benishai non-willfully failed to file timely FBARs reporting his interest in them. ECF No. 28 ("56.1 Stmt.") ¶¶ 2-5. Defendants cite no evidence disputing these facts or controverting the IRS's penalty assessment. Accordingly, the Government is entitled to summary judgment that Benishai non-willfully failed to file timely

FBARs for 2004-2010. The Court should reject Defendants' legal arguments to the contrary and reduce to judgment the amount of penalties that the Defendants owe the Government.[1]

### A. The IRS Timely Assessed FBAR Penalties for All Tax Years

Even though Benishai and the IRS indisputably entered into six agreements tolling the statute of limitations for the IRS to assess FBAR penalties for the tax years in question, *see* Frederick Decl. Ex. C, Defendants argue that the assessments were invalid because the relevant statute of limitations cannot be tolled. This is incorrect. Courts have held that "the applicable statute of limitations, 31 U.S.C. § 5321, is a waivable defense that can be waived even after it has expired." *United States v. Solomon ex rel. Solomon*, 570 F. Supp. 3d 1195, 1201 (S.D. Fla. 2021); *see also United States v. Schwarzbaum*, No. 18 Civ. 81147, 2019 WL 3997132, at *4 (S.D. Fla. Aug. 23, 2019) (holding that a statute of limitations defense for FBAR penalties can be waived). In *Solomon*, the court held that because Section 5321 "is not jurisdictional," the parties could waive the limitations period for assessing FBAR penalties. *Id.* at 1201-02. The court further noted that there is nothing in the statute to suggest the limitations period is not a waivable affirmative defense. *Id.*; *see also Schwarzbaum*, 2019 WL 3997132, at *4 ("Although Title 31 does not expressly authorize the extension of the applicable statute of limitations by agreement, it does not expressly prohibit such extensions. [Defendant] has failed to point to any legal authority indicating that such extensions would be improper.").[2]

---

[1] As of October 3, 2023, Benishai's estate owed $11,934.53 in accrued interest and additional penalties, in addition to the $70,000 FBAR penalty, for a total of $81,934.53. ECF No. 26, Declaration of Graham W. Frederick ("Frederick Decl."), ¶ 18.

[2] Several courts in this circuit have assumed that tolling agreements of the FBAR statute of limitations were valid. *See, e.g.*, *United States v. Reyes*, No. 21 Civ. 5578 (MKB), 2024 WL 437096, at *3 (E.D.N.Y. Jan. 10, 2024) ("Defendants consented to extend the time for the IRS to assess civil penalties under 31 U.S.C. § 5321 for the FBAR violations."); *United States v. Daly*, No. 21 Civ. 990 (JLS) (JJM), 2022 WL 18215854, at *1 (W.D.N.Y. Oct. 4, 2022) ("[Defendant],

3

More generally, the U.S. Supreme Court has held that "the law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to [the] rules of forfeiture and waiver." *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008); *see also Chimblo v. Comm'r*, 177 F.3d 119, 125 (2d Cir. 1999) ("As a general matter, the statute of limitations is an affirmative defense that must be pleaded; it is not jurisdictional.  It follows that such a defense may be waived by a party who fails to raise it at the appropriate time." (citation omitted)); *Daugerdas v. United States*, No. 09 Cr. 581, 2021 WL 603068, at *5 n.4 (S.D.N.Y. Feb. 16, 2021) (in criminal tax case, holding that a "tax-related statute of limitations waiver is not a contract.  Instead, it is essentially a voluntary, unilateral waiver of a defense by the taxpayer" (internal quotation marks and citations omitted)); *SEC v. Dibella*, 409 F. Supp. 2d 122, 128 (D. Conn. 2006) ("Because the statute of limitations is a defense, it can be waived.").  Nothing in the language of 31 U.S.C. § 5321(b)(1), which states that the "Secretary of the Treasury may assess [an FBAR] civil penalty . . . at any time before the end of the 6-year period beginning on the date of the transaction with respect to which the penalty is assessed" suggests that this statute is different.  Defendants' discussion of 26 U.S.C. § 6501—which sets express limits on tolling agreements for tax assessment under the Internal Revenue Code—is irrelevant, because, as Defendants note, a taxpayer's agreement to toll the tax statute of limitations does not toll the statute of limitations for FBARs, which are not part of the Internal Revenue Code.  Defs.

---

or her authorized representative, signed agreements extending to December 31, 2020 the IRS's time to assess penalties."); *United States v. Sinyavskiy*, No. 21 Civ. 2757 (EK) (PK), 2022 WL 3588163, at *1 (E.D.N.Y. July 29, 2022) ("Defendant consented to an extension of time for the Secretary of the Treasury to assess penalties against him for his non-willful failure to timely file FBARs for 2006-2012.  For each of those years, the statute of limitations for assessment was extended to December 31, 2019." (citation omitted)), *report and recommendation adopted*, 2022 WL 4662789 (E.D.N.Y. Sept. 30, 2022).

Mot. at 12. That is precisely why the IRS entered into tolling agreements with Benishai with respect to the FBAR penalties.

In addition, contrary to Defendants' claims, the Internal Revenue Manual offers explicit guidance about extending the FBAR statute of limitations: "[f]ilers may voluntarily consent to extend the civil statute of limitation on FBAR penalty assessment such that assessment may be made on or before an agreed date." I.R.M. § 4.26.17.3.1.3. The Manual also directs IRS agents to "[u]se the Title 31 consent to extend the assessment statute form" and notes that an "Appeals Officer has the authority to execute a Title 31 FBAR statute extension." *Id.* § 8.11.6.4.1; *see also id.* § 1.2.2.15.13(38) (delegating authority to IRS employees to "sign agreements extending the period of limitations on assessment or collection of civil FBAR penalties").

Defendants also ask the Court to "constrain" the IRS by imposing a limit Congress explicitly set in 26 U.S.C. § 6501(c)(4)(a) on the IRS's ability to enter into *tax* tolling agreements, on FBAR tolling agreements. Defs. Mot. at 12. Such a construction has no basis in the cited provision, which by it terms applies only to "the time prescribed for the assessment of any tax imposed by this title [Title 26]," 26 U.S.C. § 6501(c)(4)(a). And it contradicts the case law on FBAR tolling cited above. *See also* Gov't Mot. at 14-15. No court has held that the statute of limitations for the assessment of FBAR penalties is not a waivable affirmative defense. *See Schwarzbaum*, 2019 WL 3997132, at *4 (statute of limitations under 31 U.S.C. § 5321 was waivable, affirmative defense where defendant "failed to provide any authority to support his argument that an agreement to extend the time to assess FBAR penalties under Title 31 is invalid").

Benishai and his representatives entered into six tolling agreements with the IRS, ultimately extending the assessment deadline for all relevant tax years until June 30, 2021. 56.1 Stmt. ¶ 9. The IRS's assessment of penalties in April 2021 was therefore timely.

5

**B. The IRS's Assessment Against Benishai Was Valid and His Estate Is Liable**

The IRS's FBAR assessment against Benishai in April 2021, after he had passed away, was valid and Defendants are liable for the resultant penalties. The underlying liabilities indisputably arose from interests in foreign accounts that Benishai held in 2004-2010, while he was alive. Gov't Mot. at 9-10; 56.1 Stmt. ¶¶ 1, 3-4. Defendants' argument that an FBAR penalty is "neither a tax nor a debt that was owed by Benishai prior to the time the government assessed it" is thus incorrect. Defs. Mot. at 14-15. The FBAR liabilities at issue accrued when the FBAR forms were due, *i.e.*, by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 103.27(c) (2008). Thus, the last FBAR, for calendar year 2010, was due on June 30, 2011, a decade before Benishai's passing, and Benishai thus incurred the debt therefore before he died.

Nor are Defendants correct that this is an issue of first impression. Courts have consistently held that FBAR penalties are remedial and survive a taxpayer's death, and thus may be collected from the taxpayer's estate and its distributees. *See United States v. Gaynor*, No. 21 Civ. 382 (JLB) (KCD), 2023 WL 5749278, at *9 (M.D. Fla. Sept. 6, 2023); *United States v. Gill*, 546 F. Supp. 3d 538, 553 (S.D. Tex. 2021); *United States v. Park*, 389 F. Supp. 3d 561, 575 (N.D. Ill. 2019); *United States v. Green*, 457 F. Supp. 3d 1262, 1272 (S.D. Fla. 2020); *United States v. Wolin*, 489 F. Supp. 3d 21, 29 (E.D.N.Y. 2020); *United States v. Estate of Schoenfeld*, 344 F. Supp. 3d 1354, 1369 (M.D. Fla. 2018). These courts have held that FBAR penalties are remedial and therefore survive a taxpayer's death. *See* Gov't Mot. at 11-12. Defendants cite no authority supporting their argument to the contrary, or even attempt to distinguish the cases the Government cites. The Court should thus reject Defendants' argument.

6

Defendants' vague constitutional arguments fare no better. Defendants argue that individuals are entitled to procedural due process, but do not explain why assessing FBAR penalties after a taxpayer dies violates due process or notions of fundamental fairness. It is undisputed that Benishai incurred the debts over several years until June 2010, when the last FBAR was due, and that he failed to file the required FBARs. Benishai initially participated in the IRS's Offshore Voluntary Disclosure Program, later withdrew from that program, and ultimately filed untimely FBARs acknowledging his ownership of the foreign bank accounts. *See* Frederick Decl. ¶¶ 9-10. He also entered into tolling agreements extending the deadline for the IRS to assess the FBAR penalties. *Id.* ¶¶ 12-13. Benishai thus for years actively participated in a process with the IRS to resolve this issue.

Defendants' argument that the post-death assessment here was fundamentally unfair or violated due process ignores the cases that have held the opposite—that FBAR penalties may be assessed after the taxpayer has died and there would be "a windfall to estates of violators of the FBAR requirements because the violator suffered the paradoxical fortune and misfortune of passing away after the violation occurred and before the Government filed suit against him or her for FBAR violations [which] contradicts the remedial purpose of the FBAR filing requirements." *Green*, 457 F. Supp. 3d at 1272; *see also Kirk v. Comm'r*, 179 F.2d 619, 622 (1st Cir. 1950) ("[A]ctions essentially for penalties do not survive for the reason that a decedent is beyond punishment, but that actions to . . . compensate a plaintiff for a harm inflicted upon him by a decedent do survive, for an estate can, and we think should, compensate for injury to the same extent as the decedent had he lived."). And notably, Defendants have had the opportunity to dispute the assessment factually in this lawsuit, but have chosen not to do so. Neither Benishai

nor Defendants have been deprived of due process and holding otherwise would result in an unfair windfall to Defendants for undisputed liabilities Benishai incurred years ago.

Nor did the assessment of the FBAR penalties violate the Eighth Amendment's prohibition on excessive fines. Last year, the U.S. Supreme Court decided that the maximum penalty for non-willful failure to file an FBAR is $10,000 per unfiled or incomplete report. *See Bittner v. United States*, 598 U.S. 85, 103-04 (2023). The IRS is thus seeking only $10,000 per tax year of untimely FBARs, or a total of $70,000, plus applicable additional statutory penalties and interest. Defendants claim that "no amount of punitive fine assessed upon a deceased person . . . serves any legitimate purpose," and therefore it is impermissible for the government to assess any penalties after a taxpayer dies. Defs. Mot. at 25. This argument ignores the court decisions that FBAR penalties are remedial and not punitive, and their collection, even from others, serves a legitimate purpose. *See* Gov't Mot. at 10-11 (citing *Schoenfeld*, 344 F. Supp. 3d at 1375 (weighing the factors in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), and determining that FBAR penalties are remedial and therefore "survive the death of [a party]))." In fact, although Defendants concede that tax penalties are civil, *see* Defs. Mot. at 18 (citing *Reiserer v. United States*, 479 F.3d 1160, 1164 (9th Cir. 2007)), they claim that FBAR penalties are substantially different. But civil FBAR penalties, like civil tax penalties, are remedial and do not abate upon a taxpayer's death.[3] The Court therefore should reject Defendants' unsupported constitutional arguments and deny their cross-motion for summary judgment.

---

[3] *United States v. 38 Whalers Cove Drive*, which involved a civil forfeiture, does not support Defendants' argument. 954 F.2d 29, 39 (2d Cir. 1992). There, the Second Circuit did not decide whether a civil forfeiture was punishment, but found that even if it was, the penalty "d[id] not violate the outer confines set by the Eighth Amendment." *Id.* at 38.

8

## CONCLUSION

For the reasons set forth herein and in the Government's Motion, the Court should grant the Government's motion for summary judgment, deny Defendants' cross-motion, and enter judgment in favor of the United States.

Dated: New York, New York
February 23, 2024

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: */s/ Dana Walsh Kumar*
DANA WALSH KUMAR
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2741
E-mail: dana.walsh.kumar@usdoj.gov